## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| STATE OF NEVADA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 23-1113 |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, U.S. EPA, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**STATE OF NEVADA'S MOTION TO GOVERN FUTURE PROCEEDINGS**

Aaron D. Ford
Nevada Bar No. 7704
ATTORNEY GENERAL
Heidi Parry Stern
Nevada Bar No. 8873
SOLICITOR GENERAL
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Ph. 702-486-3594
HStern@ag.nv.gov

*Attorneys for State of Nevada*

On February 28, 2024, the Court issued an order requiring the parties in these consolidated actions to file motions to govern further proceedings.

In support of this motion, the Petitioner states as follows:

## I. Background

These cases seek judicial review of the final decision of the U.S. Environmental Protection Agency ("EPA") to disapprove the individual State Implementation Plans developed by Nevada, Utah and Oklahoma to comply with the Clean Air Act's "Interstate Transport Provision," 42 U.S.C. 7410(a)(2)(D)(i), for the 2015 ozone National Ambient Air Quality Standards. 88 Fed. Reg. 9,336 (Feb. 13, 2023) ("Final Rule").

Upon publication of the Final Rule, Nevada timely filed a petition for review in this Court. Nevada further was granted intervention in the Ninth Circuit case *Nevada Cement Company LLC v. EPA* (9th Cir. Apr. 14, 2023). On June 27, 2023, this Court ordered the cases in abeyance and directed the parties to file motions to govern further proceedings within 30 days of the Tenth Circuit's disposition of *State of Utah v. EPA* (10th Cir. Feb. 13, 2023) or the Ninth Circuit's disposition in *Nevada Cement Company LLC v. EPA* (9th Cir. Apr. 14, 2023), whichever occurs first.

Accordingly, Nevada's case proceeded in the Ninth Circuit and on July 3, 2023, the Ninth Circuit entered an order referring EPA's motions to transfer the petition to the United States Court of Appeals for the District of Columbia, or in the

1

alternative to dismiss the petition for improper venue to the panel of judges that will decide the merits of the petition. Att. 1, *Nevada Cement Co. v. EPA,* No. 23-682, Doc. 27.1, Order (9th Circuit. July 3, 2023). However, with the consent of all parties, on December 6, 2023, the case entered the Ninth Circuit mediation program. Att. 2, *Nevada Cement Co. v. EPA,* No. 23-682, Order (9th Circuit Dec. 6, 2023). The State of Nevada is currently pursuing an out of court agreement with EPA. Due to mediation, the Ninth Circuit has yet to rule on EPA's motion to transfer or dismiss.

On February 27, 2024, the Tenth Circuit issued an opinion holding that venue was proper in this Court, not in the Tenth Circuit. *Oklahoma v. EPA*, 93 F.4th 1262 (10th Cir. 2024). The Tenth Circuit then accordingly transferred the cases to this Court. *Id.* This Court then requested the parties file motions to govern future proceedings. *See* Order Dkt. 2042800 at 2.

On March 28, 2024, Petitioner State of Utah and Petitioner State of Oklahoma filed Petitions for Writ of Certiorari requesting the Supreme Court of the United States to review the 10th Circuit Court of Appeals transfer order. This Court therefore should defer further consideration of Nevada's petition pending the outcome of the proceedings in the Ninth Circuit and/or the Supreme Court.

## II.     Motion to Govern

### A.      Abeyance

Petitioner State of Nevada respectfully requests that this Court hold its petition for review in abeyance pending a final decision by the Ninth Circuit Court of Appeals where Petitioner intervened in Nevada Cement Company's challenge. *Nevada Cement Company LLC v. EPA,* No. 26-382 (9th Circuit).  Or, in the alternative, hold the petition in abeyance pending the Supreme Court's decision on the Petitions for Certiorari.  EPA opposes this motion.

The administration of justice dictates that this Court abate the proceedings while the Ninth Circuit considers the Petition for Review and/or the Supreme Court considers the Petitions for Certiorari.  Ordering Nevada to initiate proceedings in this Court while the case is moving forward in the Ninth Circuit would create unnecessary litigation and the potential for divergent decisions challenging the same EPA actions.  Nevada opposes any disruption to the process taking place in the Ninth Circuit and requests this Court continue to hold Nevada's petition in abeyance pending the Ninth Circuit proceedings.  Further, continuing the abatement would not harm any of the parties because Petitioners and Respondents would have the opportunity to pursue the same arguments and seek the same relief in the Ninth Circuit as would be sought in this Court.

Nevada is moving forward with its case in the Ninth Circuit mediation program and is in discussions with EPA. If the mediation process fails to produce an informal resolution, Nevada intends to move the litigation process forward in the Ninth Circuit. Unless one court stands down, each court "would be required to duplicate their efforts" with the potential to "generate contradictory results…" *Utahamerican Energy, Inc. v. Dep't of Labor,* 685 F.3d 1118, 1124 (D.C. Cir. 2012). If abeyance is denied and both petitions proceed, the same parties would be litigating the same issues before separate courts with the potential for outcomes in conflict.

Accordingly, the Court should grant this motion as the continued abeyance will promote judicial efficiency, avoid potentially conflicting results, and will not harm any parties.

**B.     Briefing Schedule**

EPA proposes a briefing schedule for Nevada and requests expedited consideration. Nevada does not oppose the length or format of EPA's proposed briefing schedule but does oppose the briefing schedule deadlines as premature. First, as previously argued, Nevada is currently mediating in the Ninth Circuit and requests these proceedings be abated pending the outcome there. Alternatively, due to the Petitions for Certiorari, Nevada requests that the opening brief be due 30 days after the Supreme Court's disposition of the Petitions, rather than 30 days after this Court's disposition of the Motions to Govern. This will allow for briefing, oral

4

argument, if any, and a decision to occur in the proper venue. For these reasons, Nevada respectfully requests that the Court not adopt a briefing schedule with respect to Nevada until resolution of proper venue either from the Ninth Circuit or the Supreme Court. However, if this Court orders briefing, Nevada requests this Court abate the decision on the merits until the Supreme Court makes a decision. Further, in the event the Supreme Court decides that EPA's disapproval of the State Implementation Plans is a regional issue rather than a national issue, Nevada reserves its right to transfer the briefs to the Ninth Circuit for disposition.

### III. Conclusion

For the foregoing reasons, the Court should continue to hold the Petition for Review filed by the State of Nevada in abeyance until the issue of proper venue is resolved.

Dated: March 29, 2024

    Respectfully submitted,

    AARON D. FORD
    Attorney General

    By: /s/ Heidi Parry Stern
        Heidi Parry Stern (Bar. No. 8873)
        Solicitor General
        Office of the Nevada Attorney General
        555 E. Washington Ave., Ste. 3900
        Las Vegas, NV 89101
        (702) 486-3594
        HStern@ag.nv.gov

    *Attorneys for State of Nevada*

## CERTIFICATE OF COMPLIANCE

The foregoing motion contains 1,035 words and complies with the type-volume limit in Fed. R. App. P. 27(d)(2)(A). The document complies with the typeface and typestyle requirements of Fed. R. App. P. 32(a)(5)(A).

Dated: March 29, 2024

*/s/ R. Carreau*_____
An Employee of the Office of the
Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically filed the foregoing, **STATE OF NEVADA'S MOTION TO GOVERN FUTURE PROCEEDINGS**, with the Clerk of the Court using the CM/ECF System, which will be therefore served on all parties.

                                                  /s/ R. Carreau_____
                                                  An Employee of the Office of the
                                                  Attorney General

# Attachment 1

# Attachment 1



**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEVADA CEMENT COMPANY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator of the United States Environmental Protection Agency,<br><br>Respondents,<br><br>------------------------------------<br><br>STATE OF NEVADA,<br><br>Intervenor. | No. 23-682<br><br>EPA–HQ–OAR–2021–0663<br>Environmental Protection Agency<br><br>ORDER |

Before: SILVERMAN, R. NELSON, and BUMATAY, Circuit Judges.

Petitioner Nevada Cement Company petitions under the Clean Air Act for review of the EPA's February 13, 2023 final rule, which disapproved state implementation plans submitted by 21 states, including the State of Nevada.

The motion by the State of Nevada to intervene in this petition (Docket Entry No. 10) is granted. The Clerk will amend the docket to reflect this status.

The motion to transfer this petition to the United States Court of Appeals for the District of Columbia Circuit, or in the alternative to dismiss the petition for improper venue (Docket Entry Nos. 8, 16), is referred to the panel that will decide the merits of this petition.

Petitioner's motion to stay the final rule as to the disapproval of Nevada's state implementation plan pending review of this petition on the merits (Docket Entry No. 9) is granted. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (defining standard for stay pending appeal). Petitioner demonstrates a sufficient likelihood of success on the merits of its arguments that the EPA exceeded its statutory authority and acted arbitrarily and capriciously. *See* 5 U.S.C. § 706(2); *Sierra Club v. EPA*, 671 F.3d 955, 963, 968 (9th Cir. 2012) (holding that EPA action was arbitrary and capricious where agency relied on one data set over another without providing adequate explanation for its choice); *Sierra Club v. EPA*, 356 F.3d 296, 308 (D.C. Cir. 2004).

Petitioner also demonstrates a sufficient probability of irreparable harm if the disapproval of Nevada's plan is not stayed. *See California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018) (observing that economic harm is irreparable where monetary damages are not recoverable); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057-59 (9th Cir. 2009).

Petitioner's opening brief is due August 4, 2023. Intervenor's brief is due August 18, 2023. Respondents' answering brief is due September 18, 2023. Petitioner's optional reply brief is due 28 days after service of respondents' brief. Intervenor's optional reply brief is due 42 days after service of respondents' brief.

The provisions of Ninth Circuit Rule 31-2.2(a) shall not apply to this petition.

# Attachment 2

# Attachment 2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEVADA CEMENT COMPANY,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator of the United States Environmental Protection Agency,

Respondents,

------------------------------------------

STATE OF NEVADA,

Intervenor.

No. 23-682

EPA–HQ–OAR–2021–0663
Environmental Protection Agency

ORDER

The Clerk is directed to temporarily close this court's docket for administrative purposes until March 5, 2024. This administrative closure is not a decision on the merits and no mandate will issue in connection with this order.

At any time, any party may request that this appeal be reopened.

A dial-in telephone conference will be held on January 11, 2024, at 10:00 a.m. Pacific Time. Each participant will receive an email with dial-in

information. Please notify the Mediation Office at mediation@ca9.uscourts.gov if counsel does not receive an email or if additional participants should be added.

FOR THE COURT:

By: Jonathan Westen
Circuit Mediator