# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH, *by and through its Governor*, SPENCER J. COX, *and its Attorney General*, SEAN D. REYES, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY *and* MICHAEL S. REGAN, *Administrator*, U.S. EPA,<br><br>Respondents. | No. 23-1102 |
| STATE OF UTAH, *by and through its Governor*, SPENCER J. COX, *and its Attorney General*, SEAN D. REYES, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY *and* MICHAEL S. REGAN, *Administrator*, U.S. EPA,<br><br>Respondents. | No. 24-1040 |
| STATE OF OKLAHOMA, *by and through its Attorney General*, GENTNER DRUMMOND, *et al.*,<br><br>Petitioners,<br><br>v. | No. 24-1043 |

U.S. ENVIRONMENTAL PROTECTION AGENCY
*and* MICHAEL S. REGAN, *Administrator*, U.S. EPA,

Respondents.

## UTAH AND OKLAHOMA PETITIONERS' MOTION TO GOVERN FUTURE PROCEEDINGS

Sean D. Reyes
   *Attorney General of Utah*
Stanford E. Purser
   *Utah Solicitor General*
   *Counsel of Record*
Office of the Utah Attorney General
160 E. 300 S., 5th floor
Salt Lake City, UT 84114-2320
801-538-9600
spurser@agutah.gov

William L. Wehrum
WEHRUM ENVIRONMENTAL LAW LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
302-300-0388
William_Wehrum@comcast.net

*Attorneys for Petitioner State of Utah*

Gentner Drummond
   *Attorney General of Oklahoma*
Garry M. Gaskins, II
   *Solicitor General*
Zach West
   *Director of Special Litigation*
Jennifer L. Lewis
   *Deputy Attorney General*
Office of Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
405-521-3921
garry.gaskins@oag.ok.gov

*Attorneys for Petitioner State of Oklahoma, by and through its Attorney General, Gentner Drummond, and Oklahoma Department of Environmental Quality*

*Additional counsel listed on the signature page.

Pursuant to this Court's April 24, 2024 Order, the parties have conferred on their respective proposals to govern further proceedings in an effort to reach an agreement on as many issues as possible. However, due to the parties' fundamental disagreements on abeyance, procedural consolidation, and briefing schedules, Petitioners the State of Utah, PacifiCorp, Deseret Generation & Transmission Co-Operative, Utah Municipal Power Agency, and Utah Associated Municipal Power Systems ("Utah Petitioners"); and State of Oklahoma, Oklahoma Department of Environmental Quality, Oklahoma Gas & Electric Company, Tulsa Cement LLC, Republic Paperboard, and Western Farmers Electric Cooperative ("Oklahoma Petitioners") submit the following separate motion:

## **Background**

Petitioners are challenging EPA's disapprovals of their respective state's state plans for implementing the Clean Air Act's "Good Neighbor Provision," 42 U.S.C. § 7410(a)(2)(D)(i)(I), with respect to the 2015 ozone national ambient air quality standards. They have been pursuing their primary challenges to those plans in the Tenth Circuit. But after EPA moved to transfer or dismiss those challenges based on venue, Petitioners also filed protectively in this Court to preserve their right to judicial review.

In an order issued on June 27, 2023, this Court held those protective petitions in abeyance while the primary challenges proceeded in the Tenth Circuit. *See* Order,

No. 23-1102, Dkt. 2005201 (D.C. Cir. Jun. 27, 2023). In doing so, this Court rejected EPA's motion to expedite consideration of the protective petitions in this Court while the primary regional challenges were pending. *See id.*

The Oklahoma and Utah Petitioners proceeded to fully brief their challenges in the Tenth Circuit in two sets of consolidated cases, one for the challenges to EPA's disapproval of the Utah state implementation plan and one for the challenges to EPA's disapproval of the Oklahoma state implementation plan. After briefing was completed but before oral argument, on February 27, 2024, the Tenth Circuit issued an opinion holding that venue was proper in this Court and accordingly transferred the cases to this Court. *Oklahoma v. EPA*, 93 F.4th 1262 (10th Cir. 2024).

In light of that transfer, this Court requested that parties file motions to govern future proceedings concerning the transferred cases as well as the protective petitions that had been held in abeyance. *See* Order, Nos. 23-1102, 24-1040, 24-1043, Dkt. 2042800 at 2. Meanwhile, on March 28, 2024, Petitioners petitioned the U.S. Supreme Court for a writ of certiorari to review the Tenth Circuit's transfer decision, which conflicts with venue rulings from the Fourth, Fifth, Sixth, and Eighth Circuits. *See Oklahoma v. EPA*, No. 23-1067; *PacifiCorp v. EPA*, No. 23-1068. Then, in their motion to govern, Petitioners requested that this Court hold the cases in abeyance pending the outcome of the Supreme Court proceedings, whereas EPA urged the Court to press forward despite those proceedings.

On April 24, 2024, this Court agreed with Petitioners and determined it was appropriate to continue to hold Utah and Oklahoma Petitioners' consolidated cases in Docket No. 23-1102 in abeyance for an additional 90 days, and also hold the transferred cases in Docket Nos. 24-1040 and 24-1043 in abeyance, so as to allow time for the Supreme Court to decide whether to grant the Petitioners' petitions for writ of certiorari seeking review of the Tenth Circuit's transfer order. *See* Order, Nos. 23-1102, 24-1040, 24-1043, Dkt. 2051205 at 2.

Meanwhile, in the Supreme Court proceedings, EPA sought and received an extension on their response to Petitioners' petitions, which had been filed nearly two months before the due date.[1] When EPA filed its response, it notably did not oppose the petitions. Rather, it "agree[d] with petitioners that [the Supreme Court] should provide guidance to the courts of appeals regarding the proper application of Section 7607(b)(1)," the venue provision that controls these cases.[2] EPA instead merely requested that the Supreme Court grant certiorari in a different case it considered a better vehicle, *Calumet Shreveport Refining, L.L.C.*, No. 23-1229, and "hold [Petitioners'] petitions pending the Court's decision in that case."[3] But, since EPA

---

[1] *See* Motion to Extend Time, *Oklahoma v. EPA*, No. 23-1067 (filed Apr. 23, 2024); Motion to Extend Time, *PacifiCorp v. EPA*, No. 23-1068 (filed Apr. 23, 2024).

[2] *See* Brief for the Federal Respondents, *Oklahoma v. EPA*, No. 23-1067 at 9 (filed May 21, 2024); Brief for the Federal Respondents, *PacifiCorp v. EPA*, No. 23-1068 (filed May 21, 2024).

[3] *See id.* at 10.

did not file its petition for writ of certiorari in *Calumet* until May 20, 2024, the Supreme Court did not have an opportunity to consider that petition before its summer recess. Accordingly, despite Petitioners' petitions being fully briefed in time for consideration by the Supreme Court before its summer recess, the Supreme Court has not yet done so, presumably because EPA requested the Court delay consideration so that it could consider the *Calumet* petition after fully briefed. *See Oklahoma v. EPA*, No. 23-1067, Dkt. 6 (May 28, 2024); *PacifiCorp v. EPA*, No. 23-1068, Dkt. 6 (May 28, 2024).

## Motion to Govern

**A. Abeyance.** This Court should continue to hold all challenges in abeyance pending a decision by the Supreme Court on whether to grant the Petitioners' petitions for writ of certiorari seeking review of the Tenth Circuit's transfer order. Petitioners acted expeditiously in seeking Supreme Court review. Although the deadline for filing the petitions for writ of certiorari was May 27, 2024, Petitioners filed them nearly two months early, on March 28, 2024. Petitioners did so to allow the Supreme Court to consider the petitions before its summer recess. Briefing was completed for these petitions on May 30, 2024.

Importantly, EPA made clear in its responses to Petitioners' petition that it does not oppose certiorari and instead "agrees with petitioners that [the Supreme Court] should provide guidance to the courts of appeals regarding the proper

application of Section 7607(b)(1)."[4] That makes Petitioners' already strong case for certiorari to resolve this widely acknowledged circuit split even stronger—and review of the venue issue in this case unusually likely.

EPA's principal point of divergence from Petitioners is that it would prefer that the Court address these venue questions by granting its later-filed petition in *EPA v. Calumet Shreveport Refining, L.L.C.*, No. 23-1229, and then "hold [Petitioners'] petitions pending the Court's decision in that case."[5] But while Petitioners continue to believe that their petitions present the better vehicle, whether the immediate disposition is a grant or a hold makes little difference for the abeyance. Either way—*i.e.*, whether the Supreme Court grants Petitioners' petition (perhaps in addition to granting EPA's petition in *Calumet*) or grants EPA's petition in *Calumet* and holds Petitioners' petitions—the Supreme Court will have agreed to address this venue issue in a way that directly impacts the Tenth Circuit's transfer decision.

There is every reason to continue the abeyance in these circumstances, since the parties are in extraordinary consensus in urging the Supreme Court to take up the fundamental venue questions that go to the very core of this Court's ability to decide

---

[4] *See* Brief for the Federal Respondents, *Oklahoma v. EPA*, No. 23-1067 at 9 (filed May 21, 2024); Brief for the Federal Respondents, *PacifiCorp v. EPA*, No. 23-1067 (filed May 21, 2024).

[5] *See id.* at 10.

these challenges. Disrupting the abeyance status quo would potentially waste the parties' and the Court's resources on cases that may ultimately be decided elsewhere if the Supreme Court decides those venue issues in Petitioners' favor. Assuming that EPA timely completes the briefing in *Calumet*, the Supreme Court should be able to consider both *Calumet* and Petitioners' petitions in its September 30, 2024 conference. That few additional months of delay makes eminent sense in light of the high prospects for Supreme Court review that all parties acknowledge.

Lastly, it is worth noting that Petitioners did their utmost to ensure a more expeditious resolution of their petitions for writ of certiorari, but the delay in consideration of them until after the summer recess was at EPA's behest. Specifically, EPA did not oppose certiorari but instead urged the Court to postpone ruling on Petitioners' petitions pending its petition in *Calumet*. And, whereas Petitioners filed their petitions nearly two months early in these cases and waived the default 14-day waiting period for distribution of their petitions to further expedite consideration, EPA sought and received an extension both to respond to Petitioners' petition and to file its petition in *Calumet*. *See Oklahoma v. EPA*, No. 23-1067; *PacifiCorp v. EPA*, No. 23-1067; *EPA v. Calumet Shreveport Refining, L.L.C.*, No. 23A903. It is inequitable for EPA to urge delay at the Supreme Court while both opposing abeyance because of that delay and attempting to expedite proceedings here.

**B. Consolidation.** Petitioners continue to oppose EPA's request to consolidate all remaining challenges apart from that of Nevada Cement's protective filing (No. 23-1115). There is no need for the Court to do anything—consolidation or otherwise—if it continues to keep the cases abated as Petitioners request. The usual course in that instance would be to maintain the status quo until the abeyance is lifted. That would be the point at which to consider procedural issues like consolidation or intervention.

In any event, consolidation would not make sense even if the abeyance is lifted. The Utah and Oklahoma Petitioners' separate challenges should proceed on a state-specific basis due to the unique procedural posture and issues involved for each state group. State implementation plans are by nature state specific. And the Tenth Circuit ordered merits briefing on a state-specific basis—separately for Utah Petitioners and Oklahoma Petitioners—prior to transfer. *See* Order, *Oklahoma v. EPA*, No. 23-9514, Doc. 010110866208 (10th Cir. May 30, 2023); Order, *Utah v. EPA*, No. 23-9509, Doc. 010110866083 (10th Cir. May 30, 2023). The Nevada challenges have never been briefed, and the Ninth Circuit has retained jurisdiction over those challenges. This Court should retain the state-specific approach that has dictated prior proceedings in these challenges.

**C. Expedition.** Petitioners oppose EPA's request for expedited consideration. This Court grants expedition "very rarely." Handbook at VIII.B. To jump the line, movants must make a "strongly compelling" showing of an urgent need for immediate review. *Id.* EPA has "failed to articulate [any] 'strongly compelling' reasons that would justify expedition in this case." *Am. Lung Ass'n v. EPA*, No. 96-1251, 1996 WL 734086, at *1 (D.C. Cir. Nov. 15, 1996); *Purepac Pharm. Co. v. Thompson*, No. 02-5410, 2003 WL 174023, at *1 (D.C. Cir. Jan. 21, 2003) (same). EPA cannot plausibly complain that any "delay will cause [it] irreparable injury," Handbook at VIII.B, where EPA has delayed the Supreme Court proceeding and requested that the Supreme Court hold Petitioners' petitions for writ of certiorari pending resolution of a different, later-filed venue petition. It would be unreasonable for this Court to expedite consideration of Petitioners' challenges where it is by no means clear that this Court is the proper venue for these challenges.

**D. Briefing Schedule.** Petitioners maintain that, given the pending petitions for writ of certiorari and Petitioners' request for a continued abeyance, it is premature to propose a briefing schedule. In any event, Petitioners oppose EPA's proposed briefing schedule. EPA's suggested format would invert the normal course of briefing in which the petitioners have the last word and instead give the respondent the final say with their last-filed supplemental brief.

DATED: July 5, 2024

        Respectfully Submitted,

        */s/ Stanford E. Purser*
        Sean D. Reyes
            *Attorney General of Utah*
        Stanford E. Purser
            *Solicitor General*
            *Counsel of Record*
        Office of the Attorney General
        160 E. 300 S., 5th floor
        Salt Lake City, UT 84111
        801-366-0533
        spurser@agutah.gov

        William L. Wehrum
        WEHRUM ENVIRONMENTAL LAW LLC
        1629 K Street, N.W., Suite 300
        Washington, D.C. 20006
        302-300-0388
        William_Wehrum@comcast.net

        Emily C. Schilling
        HOLLAND & HART LLP
        222 S. Main Street, Suite 2200
        Salt Lake City, UT 84101
        Ph. 801-799-5753 / Fax 202-747-6574
        ecschilling@hollandhart.com

        Kristina (Tina) R. Van Bockern
        Aaron B. Tucker
        HOLLAND & HART LLP
        555 Seventeenth Street, Suite 3200
        Denver, CO 80202
        Ph. 303-295-8107 / Fax 720-545-9952
        trvanbockern@hollandhart.com
        abtucker@hollandhart.com

        *Attorneys for Petitioner State of Utah*

*/s/Steven J. Christiansen*
Steven J. Christiansen
David C. Reymann
PARR BROWN GEE & LOVELESS, PC
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
schristiansen@parrbrown.com
dreymann@parrbrown.com

*Attorneys for Petitioner Deseret Generation & Transmission Co-Operative*

*/s/Misha Tseytlin*
Misha Tseytlin
    *Counsel of Record*
Kevin M. Leroy
Emily A. O'Brien
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street Suite 3900 Chicago, IL 60606
608-999-1240 (MT)
312-759-1938 (KL)
312-759-5939 (EO)
312-759-1939 (fax)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com
emily.obrien@troutman.com

Carroll Wade McGuffy III
Melissa Horne
TROUTMAN PEPPER
HAMILTON SANDERS LLP
600 Peachtree St. N.E. Suite 3000 Atlanta, GA 30308
404-885-3698 (CM)
404-885-3286 (MH)
mack.mcguffey@troutman.com
melissa.horne@troutman.com

Marie Bradshaw Durrant
*Assistant General Counsel*
Christian C. Stephens
*Senior Attorney*
PACIFICORP
1407 North Temple Suite 320 Salt Lake City, UT 84116
801-220-4707 (MD)
801-220-4526 (CS)
marie.durrant@pacificorp.com
christian.stephens@pacificorp.com

*Attorneys for Petitioner PacifiCorp*

/s/Artemis D. Vamianakis
H. Michael Keller
Artemis D. Vamianakis
FABIAN VANCOTT
95 South State Street, Suite 2300
Salt Lake City, Utah 84111
801-531-8900
mkeller@fabianvancott.com
avamianakis@fabianvancott.com

*Attorneys for Petitioner Utah Associated Municipal Power Systems*

/s/Alan I. Robbins
Alan I. Robbins
Debra D. Roby
Thomas B. Steiger
WASHINGTON ENERGY LAW LLP
900 17th St. NW
Suite 500-A
Washington, D.C. 20006
703-785-9270
arobbins@washingtonenergylaw.com
droby@washingtonenergylaw.com
tsteiger@washingtonenergylaw.com

*Attorneys for Petitioner Utah Municipal Power Agency*

*/s/ Michael B. Schon*
Michael B. Schon
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave NW
Washington, DC 20001
202-436-4811
512-693-8350
mike@lkcfirm.com

Mithun Mansinghani
LEHOTSKY KELLER COHN LLP
629 W. Main Street
Oklahoma City, OK 73102
512-693-8350
mithun@lkcfirm.com

*/s/ Garry M. Gaskins, II*
Gentner Drummond
    ATTORNEY GENERAL OF OKLAHOMA
Garry M. Gaskins, II
    SOLICITOR GENERAL
Zach West
    DIRECTOR OF SPECIAL LITIGATION
Jennifer L. Lewis
    DEPUTY ATTORNEY GENERAL
Office of Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
 405-521-3921
garry.gaskins@oag.ok.gov

*Attorneys for Petitioner State of Oklahoma, by and through its Attorney General,*

*Gentner Drummond, and Oklahoma Department of Environmental Quality*

/s/ *Megan Berge*
Megan Berge
Sarah Douglas
Baker Botts L.L.P.
700 K Street N.W.
Washington, D.C. 20001
415-291-6233
202-639-7733

J. Mark Little
Baker Botts L.L.P.
910 Louisiana Street
Houston, TX 77002
713-229-1489

*Attorneys for Petitioners Oklahoma Gas and Electric Company, Tulsa Cement and Republic Paperboard, and Western Farmers Electric Cooperative*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the format and word limit of Fed. R. App. P. 27(d)(1)-(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,865 words. This document also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

DATED: July 5, 2024

*/s/ Megan Berge*

## CERTIFICATE OF SERVICE

I hereby certify that on this July 5, 2024, I filed the foregoing response with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

DATED: July 5, 2024

*/s/ Megan Berge*